UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ANN M. ALLISON,

       Plaintiff,

v.                            CASE NO.  8:12-CV-1313-T-17EAJ

DOMINIQUE PARISE, et al.,

       Defendants.

_____/

ORDER

This cause is before the Court on:

Dkt.  3   Amended Motion to Dismiss (Parise)
Dkt. 12  Motion to Dismiss (Parise)
Dkt. 15  Amended Motion to Dismiss,
          Motion for More Definite Statement (Albano, Lopez, City)
Dkt. 18  Motion to Set Aside Judgment Denying
          Motion to Dismiss Third Amended Complaint,
          Motion to Amend or Correct Motion to Dismiss (Parise)
Dkt. 24  Response
Dkt. 26  Response

This case was removed on June 12, 2012 from Hillsborough County Circuit
Court.

Plaintiff Ann M. Allison has filed a Third Amended Complaint against Defendants
Dominique Parise, Joseph Parise, Detective Lopez and Chief Albano, in their official
and individual capacities, and the City of Temple Terrace, FL.  The Third Amended
Complaint (Dkt. 2) includes the following:

| Count I | Defamation - Libel | Dominique Parise |
| Count II | Defamation - Slander | Dominique Parise |
| Count III | Defamation - Libel | Joseph Parise |
| Count IV | Defamation - Slander | Joseph Parise |
| Count V | Civil Conspiracy | D. Parise, J. Parise, Lopez, Albano |

Case No. 8:12-CV-1313-T-17EAJ

| | | |
|---|---|---|
| Count VI | Tortious Interference with Business Relationship | D. Parise, J. Parise, Lopez |
| Count VII | Intentional Infliction of Emotional Distress | D. Parise, J. Parise, Lopez, Albano |
| Count VIII | False Arrest & Imprisonment | D. Parise, J. Parise, Lopez, Albano, City of Temple Terrace |
| Count IX | Malicious Prosecution | D. Parise, J. Parise, Lopez, Albano, City |
| Count X | Claim for Unconstitutional Custom or Policy Due Process Violation/Failure To Reasonably Investigate (Sec. 1983) | Lopez, Albano, City |
| Count XI | Sec. 1983 Failure to Train And Supervise | Lopez, Albano, City |

I. Dkt. 18   Motion to Set Aside Judgment Denying Motion to Dismiss Third Amended Complaint; Motion to Amend Motion to Dismiss

Defendants Dominique and Joseph Parise move to set aside the Order Denying Motion to Dismiss entered in Hillsborough County Circuit Court because Defendants did not become aware of the Order until August 17, 2012. Defendants argue that Defendants will be severely prejudiced because if Defendants had received the Court's Order, Defendants would have moved for reconsideration. The Court notes that a hearing on Defendants' Motion to Dismiss Third Amended Complaint (Dkt. 3) was conducted on May 23, 2012. The Hillsborough County Circuit Court entered an order denying the Motion to Dismiss on June 20, 2012. This case was removed on June 12, 2012.

Defendants also seek leave to file an Amended Motion to Dismiss; Defendants filed Defendants' Motion to Dismiss Third Amended Complaint (Dkt. 12) on August 7,

Case No. 8:12-CV-1313-T-17EAJ

2012.

Plaintiff Allison objects to both Motions.

The Court does not know the basis for the denial of Defendants' Amended Motion to Dismiss in State Court. The Court believes that the Court's consideration of Defendants' Motion to Dismiss (Dkt. 12) will assist the Court in the adjudication of this multi-Count, multi-Defendant case by. For this reason, and in order to avoid prejudice to Defendants, the Court will determine Defendants' Motion to Dismiss (Dkt. 12), and grants leave to Defendants to file the Motion.

After consideration the Court **denies** the Amended Motion to Dismiss (Dkt. 3) as moot; the Court **grants** the Motion to Set Aside Judgment (Dkt. 18), and **grants** leave to Defendants to file the Motion to Dismiss (Dkt. 12).

II.  Dkt. 12     Motion to Dismiss

A.  Standard of Review

1.  Fed. R. Civ. P. 12(b)(6)

"Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." "[D]etailed factual allegations" are not required, Bell Atlantic v. Twombly, 550 U.S. 544, 555 (2007), but the Rule does call for sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face," Id., at 570.  A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id., at 556.  Two working principles underlie Twombly.  First, the tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by

3

Case No. 8:12-CV-1313-T-17EAJ

mere conclusory statements. Id., at 555.  Second, only a complaint that states a
plausible claim for relief survives a motion to dismiss.  Determining whether a complaint
states a plausible claim is context-specific, requiring the reviewing court to draw on its
experience and common sense. Id., at 556.  A court considering a motion to dismiss
may begin by identifying allegations that, because they are mere conclusions, are not
entitled to the assumption of truth.  While legal conclusions can provide the complaint's
framework, they must be supported by factual allegations.  When there are
well-pleaded factual allegations, a court should assume their veracity and then
determine whether they plausibly give rise to an entitlement to relief.  See Ashcroft v.
Iqbal, 129 S.Ct. 1937, 1955-1956 (2009)(quoting Bell Atlantic v. Twombly, 550 U.S. 544
(2007).

2. Consideration of Exhibits Attached to Complaint

The Court limits its consideration to well-pleaded factual allegations, documents
central to or referenced in the complaint, and matters judicially noticed.  La Grasta v.
First Union Sec., Inc., 358 F.3d 840, 845 (11th Cir. 2004).  The Court may consider
documents which are central to plaintiff's claim whose authenticity is not challenged,
whether the document is physically attached to the complaint or not, without converting
the motion into one for summary judgment.  Speaker v. U.S. Dept of Health and
Human Services Centers for Disease Control and Prevention, 623 F.3d 1371, 1379
(11th Cir. 2010); SFM Holdings, Ltd. v. Banc of America Securities, LLC, 600 F.3d
1334, 1337 (11th Cir. 2010); Day v. Taylor, 400 F.3d 1272, 1276 (11th Cir. 2005);
Maxcess, Inc. v. Lucent Techs., Inc., 433 F.3d 1337, 1340 n. 3 (11th Cir. 2005).

B. Discussion

1.   Counts I, II, III, IV

4

Case No. 8:12-CV-1313-T-17EAJ

Florida law provides a qualified privilege negating a claim for defamation where the speaker acts in good faith, with an interest to be upheld, through a statement limited in scope to a specific purpose and published on a proper occasion and manner. Gunder's Auto Center v. State Farm Mut. Auto Ins. Co., 422 Fed. Appx. 819, 821-22 (11th Cir. 2011). To overcome qualified immunity, the pleading must allege facts showing "express malice." Express malice is "ill will, hostility and an evil intention to defame and injure." Lewis v. Evans, 406 So.2d 489, 492 (Fla. 2d DCA 1981). Express malice cannot be inferred from the fact that some statements are untrue. Demby v. English, 667 So.2d 350, 353 (Fla. 1st DCA 1995). A conclusory allegation unsupported by factual allegations that statements were made maliciously is not an allegation of express malice. The question of whether qualified immunity attaches is a question of law. Shaw v. R.J. Reynolds, 818 F.Supp. 1539, 1542 (M.D. Fla. 1993).

In Nodar v. Galbreath, 462 So.2d 803, 809 (Fla.1984), the Florida Supreme Court held:

> A communication made in good faith on any subject matter by one having an interest therein, or in reference to which he has a duty, is privileged if made to a person having a corresponding interest or duty, even though it contains matter which would otherwise be actionable.

Reporting to law enforcement raises the presumption of a qualified privilege. See Fridovich v. Fridovich, 598 So.2d 65 (Fla. 1995). The allegations of publication involve only making reports to law enforcement, and a complaint filed with the Florida Bar. Complaints made to the Florida Bar are confidential.

Counts I, II, III and IV do not allege publication to the general public. After consideration, the Court **grants** the Motion to Dismiss as to Counts I, II, III and IV.

Case No. 8:12-CV-1313-T-17EAJ

2. Count V

A civil conspiracy requires: (a) an agreement between two or more parties; (b) to do an unlawful act or to do a lawful act by unlawful means; (c) the doing of some overt act in pursuance of the conspiracy; and (d) damage to the plaintiff as a result of the acts done under the conspiracy.   Raimi v. Furlong, 702 So.2d 1273, 1284 (Fla. 3d DCA 1997).   An actionable conspiracy claim requires an actionable underlying tort or wrong. Wright v. Yurko, 446 So.2d 1162, 1164 (Fla. 5th DCA 1984).

A Section 1983 conspiracy requires: 1) a violation of Plaintiff's federal rights; 2) an agreement among the Defendants to violate such a right; and 3) an actionable wrong. A Section 1983 civil conspiracy claim must be pled with particularity. Fullman v. Graddick, 739 F.2d 553, 556-7 (11th Cir. 1984).

After consideration, the Court **grants** the Motion to Dismiss, with leave to amend to allege the conspiracy claim with particularity.

3. Count VI

Tortious interference with a business relationship requires:  (1) the existence of a business relationship; (2) knowledge of the relationship on the part of the defendant; (3) an intentional and unjustified interference with the relationship by the defendant; and (4) damages to the plaintiff as a result of the breach of the relationship.  Chicago Title Ins. Co. v. Alday-Donelson Title Co. of Florida, Inc., 832 So.2d 810, 814 (Fla. 2d DCA 2002) (citing Tamiami Trail Tours, Inc. v. Cotton, 463 So.2d 1126, 1127 (Fla.1985)).

After consideration, the Court **grants** the Motion to Dismiss, with leave to amend the Complaint to allege facts which explain Defendants' knowledge of the business relationship.

4. Count VII

Case No. 8:12-CV-1313-T-17EAJ

Defendants argue that the Third Amended Complaint does not allege outrageous conduct as required under Florida.  Geidel v. City of Bradenton Beach, 56 F.Supp.2d 1359, 1368 (M.D. Fla. June 1999).

After consideration, the Court **grants** Defendants' Motion to Dismiss, with leave to amend the Complaint to meet the requirements of Florida law.

5.  Count VIII

The Court notes that the attachments to the Complaint establish that the Temple Terrace Police Department provided a report to the State Attorney's Office.  The report indicates that the State Attorney's Office will "direct file."  The Court takes judicial notice of court records (Case No. 08-CF-006887) which indicate that an Information was filed on April 7, 2008, after which a capias was issued and served.    Defendants did not arrest Plaintiff.

After consideration, the Court **grants** Defendants' Motion to Dismiss.

6.  Count IX

As stated above, the Temple Terrace Police Department provided a report to the State Attorney's Office, who investigated and filed an Information, after which a capias was issued and served.  A malicious prosecution claim cannot succeed where the alleged tortfeasor does not make the decision to prosecute.  In this case, the State Attorney's Office made that decision.  Burns v. GCC Beverages, Inc., 522 So.2d 1217, 1221 (Fla. 1986).

After consideration, the Court **grants** Defendants' Motion to Dismiss.

III.  Dkt. 15   Motion to Dismiss

7

Case No. 8:12-CV-1313-T-17EAJ

1. Lopez, Albano - Official Capacity

Plaintiff Allison agrees that the claims asserted against the individual officers in their official capacity may be dismissed.

After consideration, the Court **grants** the Motion to Dismiss as to Defendants Lopez and Albano in their official capacity.

2. City of Temple Terrace - Official Capacity

Under Florida Statute 768.28(9)(a),  the City of Temple Terrace cannot be sued for the willful and/or malicious conduct of its employees.   Defendant City moves to dismiss for acts of employees done in their official capacity as to the following:

Count V        Civil Conspiracy
Count VI       Tortious Interference with Business Relationship
Count VII      Intentional Infliction of Emotional Distress
Count VIII     False Arrest and False Imprisonment
Count IX       Malicious Prosecution

To the extent that the above Counts involve intentional acts, putting those acts outside the scope of employment such that Defendants can be sued only in Defendants' individual capacity, the Court **grants** the Motion to Dismiss.

3.  Count V

Defendants Lopez and Albano are named in their individual capacity.

After consideration, the Court **grants** the Motion to Dismiss, with leave to file an amended complaint describe the conspiracy with particularity.

4.  Count VI

8

Case No. 8:12-CV-1313-T-17EAJ

Defendant Lopez is named in his individual capacity.

After consideration, the Court **grants** the Motion to Dismiss, with leave to file an amended complaint which explains the knowledge of Defendant Lopez at the relevant time.

5.  Count VII

Defendants Lopez and Albano are named in their individual capacity.

After consideration, the Court **grants** the Motion to Dismiss, with leave to file an amended complaint which makes sufficient allegations of severity to meet the requirements of Florida law.

5.  Count VIII

Defendants Lopez, Abano and the City of Temple Terrace are named.

The Court notes that the Temple Terrace Policy Department turned its Report over to the State Attorney's Office, who investigated and then filed an Information, after which a capias was issued.  Lopez and Albano did not arrest Plaintiff.  The issuance of a capias indicates that probable cause was present.  The presence of probable cause is a complete bar to a claim for false arrest and false imprisonment.  Ortega v. Christian, 85 F.3d 1521, 1525 (11th Cir. 1996).

After consideration, the Court **grants** the Motion to Dismiss.

6.  Count IX

9

Case No. 8:12-CV-1313-T-17EAJ

Defendants Lopez, Albano and the City of Temple Terrace are named.

In this case, Plaintiff alleges a violation of Plaintiff's Fourth Amendment rights. To sufficiently allege a federal malicious prosecution claim, a plaintiff must allege: (1) the elements of the common law tort of malicious prosecution and (2) a violation of [plaintiff's] Fourth Amendment right to be free from unreasonable seizures. Kingsland v. City of Miami 382 F.3d 1220, 1234 (11th Cir.2004). In Florida, the elements of the common law tort of malicious prosecution are: (1) an original judicial proceeding was commenced against the plaintiff; (2) the defendant was the legal cause of the original proceeding; (3) the termination of the original proceeding constituted a bona fide termination of that proceeding in the plaintiff's favor; (4) there was an absence of probable cause for the original proceeding; (5) the defendant had malice; and (6) the plaintiff suffered damages as a result of the original proceeding. Id. at 1235.

As noted above, the Report attached to the Third Amended Complaint shows that Defendants turned over their report to the State Attorney's Office for investigation. Defendants did not decide to prosecute Plaintiff. Plaintiff does not allege that Defendants acted to improperly influence the decision of the State Attorney's Office. Eubanks v. Gerwen, 40 F.3d 1157 (11th Cir. 1994).

After consideration, the Court **grants** the Motion to Dismiss.


7. Count X

Defendants Lopez, Albano and the City of Temple Terrace are named.

Defendants turned their report over to the State Attorney's Office, who filed an Information. There are no allegations that Defendants acted to improperly

10

Case No. 8:12-CV-1313-T-17EAJ

influence the decision of the State Attorney's Office.   Plaintiff has not alleged facts sufficient to show the presence of an unconstitutional custom or policy.

After consideration, the Court **grants** the Motion to Dismiss, with leave to file an amended complaint.

8.  Count XI

Defendants Lopez, Albano and the City of Temple Terrace are named.

The substance of this claim involves allegations of failure to train and supervise. The allegations of the Third Amended Complaint do not show how the alleged custom and policy of the City was the moving force behind the alleged constitutional violation.

After consideration, the Court **grants** the Motion to Dismiss, with leave to file an amended complaint.  Accordingly, it is

**ORDERED** that:

1.  The Motion to Dismiss (Dkt. 3) is **denied as moot**; the Motion to Set Aside Judgment and for leave to file an Amended Motion to Dismiss (Dkt. 18) is **granted**;

2.  The Motion to Dismiss of Defendants Dominique and Joseph Parise is **granted** as to Counts I, II, III and IV; is **granted,** with leave to file an amended complaint within fourteen days as to Count V; is **granted**, with leave to file an amended complaint, as to Count VI; is **granted**, with leave to file an amended complaint, as to Count VII; is **granted** as to Count VIII, and is **granted** as to Count IX.

Case No. 8:12-CV-1313-T-17EAJ

3. The Motion to Dismiss of Defendants Lopez, Albano and City of Temple Terrace is **granted** as to dismissal of Lopez and Albano in their official capacity; is **granted** as to dismissal of City of Temple Terrace in its official capacity as to Counts V, VI, VII, VIII and IX; is **granted** as to Count V, Lopez and Albano in their individual capacity, with leave to file an amended complaint; is **granted** as to Count VI, Lopez in his individual capacity; is **granted** as to Count VII, with leave to file an amended complaint, Lopez and Albano in their individual capacity; is **granted** as to Count VIII; is **granted** as to Count IX; is **granted** as to Count X, with leave to file an amended complaint; is **granted** as to Count XI, with leave to file an amended complaint.

**DONE and ORDERED** in Chambers, in Tampa, Florida on this ___ day of March, 2013.

ELIZABETH A. KOVACHEVICH
United States District Judge

Copies to:
All parties and counsel of record

12