UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**ANN M. ALLISON,**

      **Pro Se Plaintiff,**

vs.                                               CASE NO.: 8:12-cv-01313-EAK-EAJ

**DOMINIQUE PARISE** and
**JOSEPH PARISE**, and
the **CITY OF TEMPLE TERRACE FL,**

      **Defendants.**
_____/

**TEMPLE TERRACE DEFENDANTS'
OBJECTION TO PLAINTIFF'S AMENDED NOTICE TO THE COURT THAT PLAINTIFF RECEIVED NO DOCUMENTS FILED SINCE APRIL 19, 2013 AND MOTION FOR RELIEF [DE#52] AND MEMORANDUM OF LAW IN SUPPORT THEREOF.**

      COME NOW, the Defendants, CITY OF TEMPLE TERRACE, a Municipal Corporation of the State of Florida, Detective CARLOS LOPEZ and Chief of Police KENNETH ALBANO, both in their respective Official and Individual Capacities [1] [2] (referred to herein *collectively* as the "TEMPLE TERRACE DEFENDANTS"), by and through their undersigned counsel and pursuant Local Rule 3.01 and the Federal Rules of Civil Procedure file this their **Objection to**

---

[1] While it is unclear from the FOURTH AMENDED COMPLAINT [DE#33] whether they are, in fact, being sued in their *Individual Capacities*, the Individual Defendants, Chief KENNETH ALBANO and Detective CARLOS LOPEZ, in an abundance of caution, herein respond.

[2] For the record, KENNETH ALBANO is referred to as *Chief of Police* since: (1) that is his current position with the CITY OF TEMPLE TERRACE, and (2) that is how the Plaintiff has pled him, however, it is important to note, that at all times material to the claims of ALLISON, ALBANO was a *Lieutenant* with the CITY Police Department and was not the *Chief of Police* and not by any stretch of legal imagination a *final decision maker* for the CITY as argued by ALLISON  (e.g.: see ¶'s 59,71,75,76 & 84 of the FOURTH AMENDED COMPLAINT [DE#33]), facts that are known well (or should be) to ALLISON and thus are not pled in *good faith* as required under Rule 11, Fed.R.Civ.P..  The Pro Se Plaintiff Attorney ALLISON can hardly claim that she is unfamiliar with *the facts*.

**Plaintiff's Amended Notice to the Court and Motion for Relief [DE#52]** and in support states as follows:

### ARGUMENT AND MEMORANDUM OF LAW

As an Initial matter TEMPLE TERRACE DEFENDANTS would point out the most *obvious* problem with the Plaintiff's AMENDED MOTION [DE#52], which is that, *unbelievably*, she file this *Amended Motion* requesting *out of time relief* from this Honorable Court **out of time!!.** The Court in it's ORDER [DE#51], which, inter alia, gave ALLISON *seven days* [3] in which to file an Amended Motion for Extension of Time *from* **August 6, 2013**, which would mean that under the prevailing Federal Rules that ALLISON's Amended Motion was due by 11:59 PM on **August 13, 2013**, and thus now is *again out-of-time* by one (1) day and approximately 17 hours [4]. It is the understanding of the undersigned [5] that the current *Federal Rules* do not allow for weekends for periods of time less than 11 days [6], and thus, ALLISON is *again* late and *out-of-time* in her quest for *relief* from her prior problems with filing responses within the time given. On its face, the Court's ORDER's stated allowance of **seven days** (twice) seems clear to the TEMPLE TERRACE DEFENDANTS and in light of electronic filing, passed prior to her filing of her AMENDED MOTION [DE#52].

Again, for the record, the TEMPLE TERRACE DEFENDANTS *Object* to the AMENDED MOTION [DE#52], since the time has well passed for her responses required by rule and this Court's Orders (especially the Court's most recent ORDER [DE#51]), and the reasons given by ALLISON, while they *may* be true, *seem*…extraordinary and beg the question:

---

[3] See page 2 of the ORDER [DE#51].
[4] Based on Clerk of Court recording of entry number [DE#52].
[5] And if the undersigned is mistaken in this belief, apologizes to the Court, but as of this time and research in good faith is of this belief.
[6] As had previously been the case prior to the rule of 7's periods of time as of the 2009 Rules changes. Yost v. Stout, 607 F.3d 1239, 1241 n.3 (10th Cir. 2010); Rule 6(a)(1), *Fed.R.Civ.P.*.

2

why did you wait all this time?   What did you think the Court was doing?

As noted by ALLISON in her AMENDED MOTION [DE#52] the undersigned counsel for the TEMPLE TERRACE DEFENDANTS have enjoined a cordial and professional relationship, however, that stated, notwithstanding, the TEMPLE TERRACE DEFENDANTS *remain* prejudiced insomuch that they have had to file additional filings/Objections with this Court and all in a case where they have fully argued to the Court why ALLISON's claims as to these Defendants do not, as they say, *hold water* and that the Individual Defendant Officers should enjoy *Qualified Immunity* to all of the Plaintiff's strained allegations.

Assuming, that the Pro Se Plaintiff/Attorney relies upon Rule 6, Fed.R.Civ.P [7] and in support of her AMENDED MOTION [DE#52], the referenced *reasons* for her requested *"relief"*, which would essentially be an *Extension of Time* being granted by the Court (and more) are that she had not received any of the filings of the Court since **April 19, 2013** over three (3) months hence, in other words, she was uninformed/the system failed, do not constitute *excusable neglect*.   However, the TEMPLE TERRACE DEFENDANTS would *again* argue that in light of the long period of time that has past and the fact that ALLISON clearly knew, *or should have known*, that her *Response* to the MOTION TO DISMISS [DE#37] would be critical and that the lack of such *Response* could prove fatal to her claims before this Honorable Court and it strains the imagination as to why one would wait as long as the Plaintiff waited without at least inquiring about what was going on?   Moreover, as ALLISON adroitly points out in her AMENDED MOTION [DE#52] [8], in this day of advanced electronic communications, it should be quite easy for the Clerk of Court and/or the Plaintiff's email provider to ascertain if ALLISON was or was not provided with the filings of this Court, which *were received* by the

---

[7] Rule 6, anticipates that there be *good cause* for an Extension of Time.  Lujan v. National Wildlife Federation, 497 U.S. 871, 876 (1990).
[8] See fn. 5 on page 7 of the AMENDED MOTION [DE#52].

3

undersigned and apparently were by the PARISE's counsel.  Without putting too fine a point on this, and understanding that this is not *Watergate*, it does seems that ALLISON's assertions can ultimately be proven true or not.

The TEMPLE TERRACE DEFENDANTS herein **Object** to this requests *"Relief" / Extension of Time* insomuch that it, again, <u>does</u> **prejudice** each of these Defendants, especially the Individual Officers who should enjoy *Suit Immunity* under the shield of *Qualified Immunity* and have asserted that Immunity at the earliest possible time in these proceedings.  A grant of this AMENDED MOTION [DE#52], will provide the Pro Se Plaintiff/Attorney with months more than **the time** normally allowed by rule and thus is *advantageous* to her and her allegations and conversely is *prejudicial* to the TEMPLE TERRACE DEFENDANTS.  While it is axiomatic and without doubt that this Honorable Court has the discretion to conduct its affairs of court as it sees fit, the TEMPLE TERRACE DEFENDANTS would point out that the courts, including this Court, have ruled that ***being busy*** is not a *good cause shown* for Extensions of Time.  <u>McLaughlin v. City of LaGrange</u>, 662 F.2d 1385, 1387 (11th Cir.1981), cert. denied, 456 U.S. 979, 102 S.Ct. 2249, 72 L.Ed.2d 856 (1982); <u>Graham v. Pennsylvania Railroad</u>, 342 F.2d 914 (D.C.Cir.1964), cert. denied, 381 U.S. 904, 85 S.Ct. 1446, 14 L.Ed.2d 286 (1965); <u>Urban v. Talleyville Fire Company</u>, 98 F.R.D. 634 (D.Del.1983); <u>Citizens' Protective League v. Clark</u>, , 178 F.2d 703 (C.A.D.C.1949); <u>Maghan v. Young</u>, 154 F.2d 13  (App.D.C.1946).  As such just *assuming* that nothing is going on in the Court is akin to the justification of *being busy*. Moreover, in the case of **Young v. the City of Palm Bay, 358 F.3d 859, 864 (11th Cir. 2004)**, the 11th Circuit in *affirming* this Honorable Court's Denial of a Motion for Extension of Time [9], held in pertinent part:

---

[9] Albeit under different circumstances than here in the instant case.

> **In the courts, there is room for only so much lenity**.  The district court must consider the equities not only to plaintiff and his counsel, **but also to the opposing parties and counsel**, as well as to the public, including those persons affected by the court's increasingly crowded docket.  **Counsel must take responsibility for the obligations** *to which he committed and get the work done by the deadline…***Deadlines are not meant to be aspirational**; counsel must not treat the goodwill of the court as a sign that, as long as counsel tries to act, he has carte blanche permission to perform when he desires.  A district court must be able to exercise its managerial power to maintain control over its docket. See In re Air Crash Disaster at Florida Everglades on Dec. 29, 549 F.2d 1006, 1012 (5th Cir.1977).  This power is necessary for the court to administer effective justice and prevent congestion. (emphasis added).

And, this Honorable Court faced a similar *alibi* by a plaintiff's counsel in the case of **Springman v. City of Venice, 2010 WL 3958734 (M.D. Fla. 2010)** [10]**,** wherein, in part, the Court was not swayed the plaintiff's counsel's repeated and vehement assertions that he *had* timely filed, but did not know where the filing had gone and did *not*, as here, check to see what was going on in the Court *or* if the Court had in fact received his alleged filing in time.

The TEMPLE TERRACE DEFENDANTS believe that this additional *Extension of Time* or other "Relief", for an additional period of time and *more*, which has *already* been enjoyed by ALLISON, is prejudicial to their case and is not well supported by the *good cause* as anticipated by Rule 6, Fed.R.Civ.P., or by case law / argument and is not in the interests of justice.

WHEREFORE, Defendants, CITY OF TEMPLE TERRACE, a Municipal Corporation of the State of Florida, Detective CARLOS LOPEZ, and Chief of Police KENNETH ALBANO, both in their respective Official and Individual Capacities, **Object** to this MOTION and respectfully request that, for the reasons set forth above, that this Honorable Court **Deny** the Plaintiff's AMENDED MOTION [DE#52], and for such other relief as this Court deems appropriate.

---

[10] See also **Springman v. City of Venice, 2010 WL 3846524 (11th Cir. 2011).**

Respectfully submitted,

*s/ John A. Makholm*
**John A. Makholm, Esquire**

### CERTIFICATE OF SERVICE

**I CERTIFY** that on **August 15, 2013**, I electronically filed the foregoing with the Clerk of Court using the CM/EMF system which will send copy to: **Ann M. Allison, Esquire,** (Plaintiff, proceeding Pro Se at this time), *Allison Law Group,* 111 S. Riverhills Drive, Temple Terrace, FL 33617, and to: **Dominic J. Baccarella, Esquire**, (Counsel for Defendants, Dominique Parise and Joseph Parise), *Baccarella & Baccarella*, 4144 N. Armenia Avenue, Suite 220, Tampa, Florida 33607-6447.

*S/ John A. Makholm*
**John A. Makholm, Esquire**
Florida Bar No.: 463302
*The Makholm Law Group*
1120 Pinellas Bayway South, Suite #202
Tierra Verde, FL 33715-1505
Telephone: (727) 823-5100
FAX: (727) 823-5100
E-Mail: johnmakholm@gmail.com
Attorneys for the City of Temple Terrace,
Chief Kenneth Albano, and
Detective Carlos Lopez
*Defending those who Protect Us!*

6