UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ANN M. ALLISON,

        Plaintiff,

v.                              CASE NO.  8:12-CV-1313-T-17EAJ

DOMINIQUE PARISE,
et al.,

        Defendants.

_____/


ORDER

This cause is before the Court on:


Dkt. 20   Pre-Filing Notice
Dkt. 21   Motion for Award of Attorney's Fees and Costs Pursuant to
           Rule 11 of the Federal Rules of Civil Procedure and Sec. 57.105,
           Florida Statutes
Dkt. 46   Order to Show Cause


Defendants Dominique Parise and Joseph Parise move for the award of Rule 11 sanctions and Sec. 57.105, Florida Statutes.


Plaintiff Allison has not filed a response to Defendants' Motion or to the Court's Order to Show Cause.


As to Rule 11, Defendants argue that the factual contentions of Plaintiff's Third Amended Complaint (Dkt. 2) have no evidentiary support or will likely have evidentiary support after a reasonable opportunity for further investigation or discovery.

Case No. 8:12-CV-1313-T-17EAJ

As to <u>Florida</u> <u>Statute</u> 57.105, Defendants allege that Plaintiff has not acted in good faith in the filing of the Third Amended Complaint, as Plaintiff is aware that the material facts necessary to establish the claims as set forth therein are not in existence. Defendants further argue that Plaintiff knew or should have known that the claims asserted in Plaintiff's Third Amended Complaint are not supported by the material facts necessary to establish the claim.  Defendants argue that the claims as set forth in Plaintiff's Third Amended Complaint do not represent a good faith argument for the extension, modification, or reversal of existing law, as may be applied to the material facts as referenced in Plaintiff's Third Amended Complaint, nor does the same have a reasonable expectation of success.

I.  Standard of Review

In considering a motion for sanctions pursuant to Rule 11, a court conducts a two-step inquiry: 1) whether party's claims are objectively frivolous in view of the facts or law; and 2) whether the person who signed the pleadings should have been award that they were frivolous, in other words, whether he would have been award had he made a reasonable inquiry.  <u>Byrne v. Nezhat</u>, 261 F.3d 1075, 1105 (11th Cir. 2001).   A statement is frivolous if it obviously lacks merit, 2 Moore's Federal Practice Sec. 11.11[5] (3d ed. 2009), and all doubts are resolved in favor of the signer.  <u>Oliveri v. Thompson</u>, 803 F.2d 1265, 1275 (2d Cir. 1986).  As to the second element, court must "avoid using the wisdom of hindsight" and "test the signer's conduct by inquiring what was reasonable to believe at the time the pleading, motion or other paper was submitted."  <u>Donaldson v. Clark</u>, 819 F.2d 1551, 1556 (11th Cir. 1987).

II.  Procedural Background

This case was commenced in Hillsborough County Circuit Court on 12/7/2009. Defendants removed the case on 6/12/2012.  Plaintiff's Third Amended Complaint was

Case No. 8:12-CV-1313-T-17EAJ

filed in Hillsborough County Circuit Court on 4/16/2012.  Defendants Dominique Parise
and Joseph Parise filed their Amended Motion to Dismiss in Hillsborough County Circuit
Court on 5/15/2012.  A hearing was conducted on 5/23/2012.  (Dkt. 18).  However, the
Hillsborough County Circuit Court did not enter an Order prior to removal.   After
removal, the Parise Defendants moved to dismiss the Third Amended Complaint.  (Dkt.
12).  The Parise Defendants also moved to set aside the Order denying their Motion to
Dismiss Third Amended Complaint, explaining that they never received the Order.  (Dkt.
18).  The Court granted the Motion to Set Aside, and granted leave to the Parise
Defendants after the fact to file their Motion to Dismiss Third Amended Complaint.  (Dkt.
30).  Thereafter, Defendants filed a Pre-Filing Notice dated August 14, 2012 (Dkt. 20),
and filed a Motion for Attorney's Fees and Costs Pursuant to Rule 11 (Dkt. 21).

Plaintiff's Third Amended Complaint (Dkt. 2) included the following:

| | | |
|---|---|---|
| Count I | Defamation - Libel | Dominique Parise |
| Count II | Defamation - Slander | Dominique Parise |
| Count III | Defamation - Libel | Joseph Parise |
| Count IV | Defamation - Slander | Joseph Parise |
| Count V | Civil Conspiracy | D. Parise, J. Parise, Lopez, Albano |
| Count VI | Tortious Interference With Business Relationship | D. Parise, J. Parise, Lopez |
| Count VII | Intentional Infliction of Emotional Distress | D. Parise, J. Parise, Lopez, Albano |
| Count VIII | False Arrest & Imprisonment | D. Parise, J. Parise, Lopez, Albano, City of Temple Terrace |
| Count IX | Malicious Prosecution | D. Parise, J. Parise, Lopez, Albano, City |
| Count X | Claim for Unconstitutional Custom or Policy Due Process Violation/Failure to Reasonably Investigate (Sec. 1983) | Lopez, Albano, City |
| Count XI | Sec. 1983 Failure to Train and Supervise | Lopez, Albano, City |

Case No. 8:12-CV-1313-T-17EAJ

In ruling on the Parise Defendants' Motion to Dismiss the Third Amended Complaint, the Court ruled as follows:

| | |
|---|---|
| Count I | Granted |
| Count II | Granted |
| Count III | Granted |
| Count IV | Granted |
| Count V | Granted, with leave to amend |
| Count VI | Granted, with leave to amend |
| Count VII | Granted, with leave to amend |
| Count VIII | Granted |
| Count IX | Granted |

III.  Discussion


A.  Rule 11


The Court strictly construes the procedural requirements of Rule 11, Fed. R. Civ. P.  Miller v. RelationServe, Inc., 2006 WL 5849318 (S.D. Fla. Dec. 1, 2006); BCJJ, LLC v. LeFevre, 2012 WL 3262866 (M.D. Fla. Aug. 8, 2102).


Although Defendants' Pre-Filing Notice is dated August 14, 2012, the docket shows that it was filed on September 4, 2012.   The Pre-Filing Notice includes a certificate of service indicating electronic service on Plaintiff Allison.   There is no record of Plaintiff Allison's consent to electronic service of "papers not filed with the Court." Rule 11 requires a 21-day safe harbor for service on the non-moving party, providing that the Motion for Sanctions shall not be filed until the expiration of the 21-day period. Fed. R. Civ. P. 11(c)(1)(A).


Because Defendants' Motion is procedurally deficient, the Court denies the Motion for Rule 11 Sanctions.

Case No. 8:12-CV-1313-T-17EAJ

B.  Sec. 57.105(1)(a), (b), <u>Florida</u> <u>Statutes</u>

At the time this case was commenced, Plaintiff Allison was represented by counsel.  On 7/31/2012, the Court granted the Unopposed Motion to Withdraw, and thereafter Plaintiff Allison, a member of the Florida Bar, represented herself.  (Dkt. 4, Dkt. 9).  Plaintiff Allison was representing herself when the Motion for Sanctions was filed.

The Court notes that Sec. 57.105(4), <u>Florida</u> <u>Statutes</u>, contains a 21-day safe harbor provision akin to the 21-day safe harbor provision of Rule 11.  Defendants allege that Plaintiff Allison was served on August 14, 2012 via CM/ECF; however, the Pre-Filing Notice was docketed on September 4, 2012 with Defendants' Motion, and Defendants have not shown that Plaintiff consented to electronic service of "other papers not filed with the Court."

Because Defendants' Motion is procedurally deficient, the Court denies Defendants' Motion for Sanctions.  Accordingly, it is

**ORDERED** that Defendants' Motion for Sanctions (Dkt. 21) is **denied**.

Case No. 8:12-CV-1313-T-17EAJ

**DONE and ORDERED** in Chambers, in Tampa, Florida on this 27th day of August, 2013.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to:
All parties and counsel of record