UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ANN M. ALLISON,

      Plaintiff,

v.                                                        CASE NO. 8:12-CV-1313-T-17EAJ

DOMINIQUE PARISE,
et al.,

      Defendants.

_____/

ORDER

This cause is before the Court on:

Dkt. 35    Motion to Dismiss

Defendants Dominique Parise and Joseph Parise ("Parise Defendants") move to dismiss the Fourth Amended Complaint with prejudice.

Plaintiff Allison did not file a response to Defendants' Motion, and the Court has declined to grant Plaintiff additional time to file a response. Failure to oppose a motion raises an inference that there is no objection to the motion. In an abundance of caution, the Court will consider the merits of Defendants' Motion.

The Fourth Amended Complaint includes the following:

Count I    Civil Conspiracy

Count II   Intentional Infliction of Emotional Distress

Count III  Section 1983  Claim For Unconstitutional Custom or Policy
           Due Process  Violation/Failure to Reasonably Investigate

Case No. 8:12-CV-1313-T-17EAJ

Count IV   Section 1983 Claim Failure to Train and Supervise

I. Standard of Review

"Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." "[D]etailed factual allegations" are not required, Bell Atlantic v. Twombly, 550 U.S. 544, 555 (2007), but the Rule does call for sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face," Id., at 570.  A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id., at 556.  Two working principles underlie Twombly.  First, the tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements. Id., at 555.  Second, only a complaint that states a plausible claim for relief survives a motion to dismiss.  Determining whether a complaint states a plausible claim is context-specific, requiring the reviewing court to draw on its experience and common sense. Id., at 556.  A court considering a motion to dismiss may begin by identifying allegations that, because they are mere conclusions, are not entitled to the assumption of truth.  While legal conclusions can provide the complaint's framework, they must be supported by factual allegations.  When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.  See Ashcroft v. Iqbal, 129 S.Ct. 1937, 1955-1956 (2009)(quoting Bell Atlantic v. Twombly, 550 U.S. 544 (2007).

II. Discussion

Defendants are named in Count I and Count 2 of the Fourth Amended Complaint.

Case No. 8:12-CV-1313-T-17EAJ

The Court previously dismissed Plaintiff's claim against the Parise Defendants for tortious interference with a business relationship, with leave to amend the complaint. (Dkt. 30, p. 6). Since Plaintiff did not include a claim for tortious Interference with business relationship in the Fourth Amended Complaint, this claim is dismissed with prejudice.

A. Civil Conspiracy

The Court previously granted Defendants' Motion to Dismiss the civil conspiracy claim with leave to file an amended complaint which alleges the civil conspiracy claim with particularity. (Dkt. 30, p. 6).

A Section 1983 civil conspiracy requires: 1) a violation of Plaintiff's federal rights; 2) an agreement among the Defendants to violate such a right; and 3) an actionable wrong. A Section 1983 civil conspiracy claim must be pled with particularity. Fullman v. Graddick, 739 F.2d 553, 556-7 (11th cir. 1984).

Plaintiff alleges that Defendant Dominique Parise and Defendant Joseph Parise knowingly supplied false statements to Officer Lopez, and that thereafter Officer Lopez and Officer Albano conspired to publish false allegations against Plaintiff before making a reasonable investigation. (Dkt. 33, p. 12). Plaintiff further alleges that Dominique Parise, Joseph Parise and Temple Terrace through Officer Lopez and Officer Albano conspired to create false criminal allegations against Plaintiff which would result in improper criminal charges against Plaintiff, improperly causing Plaintiff to lose her license to practice law, and resulting in an unjustified arrest causing an unconstitutional taking of Plaintiff's good name and reputation. (Dkt. 33, pp. 12-13). Plaintiff alleges that the following overt acts were committed in furtherance of the conspiracy: 1) As to Dominique Parise and Joseph Parise, knowingly supplying false information that appeared as [if] Plaintiff committed crimes; 2) As to Officer Lopez and Officer Albano,

3

Case No. 8:12-CV-1313-T-17EAJ

Officer Lopez and Officer Albano breached the duty to reasonably investigate the false allegations and knowingly charged Plaintiff for crimes they knew she did not commit, in an organized effort to improperly convict Plaintiff of serious crimes and permanently ruin Plaintiff's reputation.  Plaintiff further alleges that Defendants' conspiracy and their respective overt acts, of which Officer Albano was a final decision maker, violated Plaintiff's due process rights and caused Plaintiff to suffer damages.

A civil conspiracy requires an agreement between the co-conspirators to do some unlawful act, in this case allegedly to violate the due process rights of Plaintiff. The conclusory allegations of an agreement between Dominique Parise and Joseph Parise, who allegedly provided false information Officer Lopez and Officer Albano, and the alleged failure to perform a reasonable investigation are not sufficient to show an intentional agreement to violate Plaintiff's due process rights.

The Court has granted the Motion to Dismiss of Defendant City of Temple Terrace as to Count 1.  After consideration, the Court also grants the Motion to Dismiss as to Defendants Dominique Parise and Joseph Parise.

B. Count 2    Intentional Infliction of Emotional Distress

The Court previously dismissed Plaintiff's claim for intentional infliction of emotional distress, with leave to file an amended complaint to meet the requirements of Florida law. (Dkt. 30, p. 7).

Count 2 is a state law claim. Florida law recognizes the tort of intentional infliction of emotional distress:

> 1) The wrongdoer's conduct was intentional or reckless, that is, intended his behavior when he knew or should have known that emotional

4

Case No. 8:12-CV-1313-T-17EAJ

> distress would likely result;
>
> 2) the conduct was outrageous, that is, as to go beyond all bounds of decency, and to be regarded as odious and utterly intolerable in a civilized community;
>
> 3) the conduct caused emotional distress; and
>
> 4) the emotional distress was severe.

LeGrande v. Emmanuel, 889 So.2d 991, 994-995 (Fla. 3d DCA 2004). The Restatement of Torts defines the requisite extreme and outrageous conduct as that which is:

> so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community. Generally, the case is one in which the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, 'Outrageous!'

Restatement (Second) of Torts, Sec. 46 cmt. d (1965).

Defendants argue that allegations that Defendants provided false information to law enforcement falls short of the type of conduct that other Florida courts have identifies as being necessary to support this tort. Geidel v. City of Bradenton Beach, 56 F.Supp.2d 1359, 1368 (M.D. Fla. June 1999); Metropolitan Life Ins. Co. v. McCarson, 467 So.2d 277 (Fla.1985). Defendants further argue that Plaintiff does not allege that the emotional distress caused the alleged tortious conduct was severe, only that "Plaintiff's emotional injuries are permanent or ongoing in nature and Plaintiff will continue to suffer the same losses in the future."

In the Fourth Amended Complaint, Plaintiff alleges that the Parise Defendants, with Officer Lopez and Officer Albano, deliberately and intentionally failed to properly investigate controlling law with intention to cause, and in fact did cause, [extreme and

Case No. 8:12-CV-1313-T-17EAJ

outrageous conduct did in fact proximately cause] Plaintiff severe emotional distress of a nature no reasonable person should be expected to endure. (Dkt. 33, par. 61). Plaintiff further alleges that Plaintiff knowingly and in bad faith made false allegations to law enforcement, with the intent to cause Plaintiff's arrest.

The tort of intentional infliction of emotional distress is the same as the tort of outrageous conduct. The Court notes that other courts have found conduct which causes an arrest, even if false, is not sufficient. See <u>Valdes v. GAB Robins North America, Inc.</u>, 924 So.2d 862 (Fla. 3d DCA 2006). After consideration, the Court grants Defendants' Motion to Dismiss. Accordingly, it is

**ORDERED** that Defendants' Motion to Dismiss the Fourth Amended Complaint with prejudice (Dkt. 35) is **granted**.

**DONE and ORDERED** in Chambers, in Tampa, Florida on this 27th day of August, 2013.

ELIZABETH A. KOVACHEVICH
United States District Judge

Copies to:
All parties and counsel of record