UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ANN M. ALLISON,

       Plaintiff,

v.                                        CASE NO.  8:12-CV-1313-T-17EAJ

DOMINIQUE PARISE,
et al.,

       Defendants.

_____/


ORDER

This cause is before the Court on:

Dkt. 37    Motion to Dismiss Fourth Amended Complaint;
           Motion For More Definite Statement

Defendants City of Temple Terrace, Carlos Lopez and Kenneth Albano, in their official and individual capacities, move the Court to dismiss the Fourth Amended Complaint (Dkt. 33) pursuant to Fed. R. Civ. P. 12(b)(6), or, in the alternative, move for a More Definite Statement pursuant to Fed. R. Civ. P. 12(e).

Plaintiff Allison did not file a response to Defendants' Motion, and the Court has declined to grant Plaintiff additional time to file a response.  Failure to oppose a motion raises an inference that there is no objection to the motion.  In an abundance of caution, the Court will consider the merits of Defendants' Motion.

The Fourth Amended Complaint includes the following:

Count I    Civil Conspiracy

Case No. 8:12-CV-1313-T-17EAJ

      Count II    Intentional Infliction of Emotional Distress

      Count III   Section 1983  Claim For Unconstitutional Custom or Policy
                 Due Process  Violation/Failure to Reasonably Investigate

      Count IV   Section 1983 Claim Failure to Train and Supervise


I. Standard of Review

      "Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." "[D]etailed factual allegations" are not required, Bell Atlantic v. Twombly, 550 U.S. 544, 555 (2007), but the Rule does call for sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face," Id., at 570.   A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id., at 556.  Two working principles underlie Twombly.  First, the tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements. Id., at 555.  Second, only a complaint that states a plausible claim for relief survives a motion to dismiss.  Determining whether a complaint states a plausible claim is context-specific, requiring the reviewing court to draw on its experience and common sense. Id., at 556.  A court considering a motion to dismiss may begin by identifying allegations that, because they are mere conclusions, are not entitled to the assumption of truth.  While legal conclusions can provide the complaint's framework, they must be supported by factual allegations.  When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.  See Ashcroft v. Iqbal, 129 S.Ct. 1937, 1955-1956 (2009)(quoting Bell Atlantic v. Twombly, 550 U.S. 544 (2007).

2

Case No. 8:12-CV-1313-T-17EAJ

II. Background

In the Court's Order (Dkt. 30) on Defendants' Motion to Dismiss Third Amended Complaint, the Court noted that Plaintiff Allison agreed that claims asserted against the individual officers in their official capacity may be dismissed.  The Court dismissed Plaintiff's claims against Defendants Albano and Lopez in their official capacity.  (Dkt. 30, p. 8).

As to Plaintiff's claims against the City of Temple Terrace, for willful and/or malicious acts of its employees done in their official capacity, the Court noted that the City of Temple Terrace cannot be sued for the willful and/or malicious conduct of its employees pursuant to Florida Statute 768.28(9)(a).  As to Count V, civil conspiracy, Count VI, tortious interference with business relationship, Count VII, intentional infliction of emotional distress, Count VIII, false arrest and false imprisonment, and Count IX, malicious prosecution, the Court granted the Motion to Dismiss as to City of Temple Terrace for acts of Temple Terrace employees in their official capacity.  (Dkt. 30, p. 8).

As to Plaintiff's civil conspiracy claim, Count V of the Third Amended Complaint, the Court noted that Defendants Lopez and Albano were named in their individual capacity.  The Court granted the Motion to Dismiss, with leave to file an amended complaint describing the conspiracy with particularity.

As to Count X, Plaintiff's claim for Unconstitutional Custom or Policy Due Process Violation/Failure to Reasonably Investigate, the Court concluded that Plaintiff did not allege facts sufficient to show the presence of an unconstitutional custom or policy.  The Court granted the Motion to Dismiss, with leave to file an amended Complaint.  (Dkt. 30, p. 11).

As to Count XI, Plaintiff's claim for Section 1983 Failure to Train and Supervise,

3

Case No. 8:12-CV-1313-T-17EAJ

the Court concluded that the allegations of the Third Amended Complaint did not show how the alleged custom and policy of the City of Temple Terrace was the moving force behind the alleged constitutional violation. The Court granted the Motion to Dismiss, with leave to file an amended complaint.

Plaintiff attached the Criminal Report Affidavit of Officer Lopez to the Third Amended Complaint. (Dkt. 2, pp. 42-43). The Criminal Report Affidavit indicates that the State Attorney's Office will "direct file." The Court takes judicial notice of court records (Case No. 08-CF-006887). The Criminal Report Affidavit was provided to the State Attorney's Office, which filed an Information on April 7, 2008, after which a capias was issued and served. Officers Lopez and Albano did not arrest Plaintiff. The Court dismissed Plaintiff's claims for false imprisonment and malicious prosecution. (Dkt. 30).

III.  Dkt. 33   Fourth Amended Complaint

Plaintiff Allison did not include Defendant Albano and Defendant Lopez in the caption of the Fourth Amended Complaint. In the Preliminary Statement, Plaintiff alleges:

> 1.  This action arises under the Fourth and Fourteenth Amendments to the United States Constitution and under 42 U.S.C. Secs. 1983 and 1988.
>
> 2.  Defendants were acting in the scope of their employment and under color of state law.
>
> 3.  Action is also brought against the City of Temple Terrace for its failure to properly train and supervise their officers in the methods of reasonable investigation to ascertain and verify facts and truthfulness of allegations prior to filing charges and effecting an arrest of an innocent person, such as that which led to the incident at issue, and its establishment of policies, procedures, practices and customs related to this, including a decision by a final decision maker.

4

Case No. 8:12-CV-1313-T-17EAJ

　　In Plaintiff's allegations of jurisdiction, Plaintiff invokes jurisdiction under 42 U.S.C. Secs. 1983 and 1988, seeking damages as a result of the alleged violation of Plaintiff's constitutional rights.  Plaintiff alleges that this is a civil rights action against City of Temple Terrace, FL raising constitutional claims under the Fourth and Fourteenth Amendments against law enforcement agents acting under color of law, and seeking redress for deprivations occurring under color of state statute, ordinance, regulation, custom, practice, usage and the actions of a final decision maker that contravened the rights and immunities clearly established and protected by the Fourth and Fourteenth Amendments of the United States Constitution.

　　Plaintiff identifies the parties as Plaintiff Allison, Defendant Dominique Parise, Defendant Joseph Parise, and Defendant City of Temple Terrace.　　Plaintiff alleges that Defendant City of Temple Terrace is a municipal corporation organized under the laws of the State of Florida, and it is responsible for the policies, procedures, and practices implemented through its various agencies, agents, departments and employees, and for injury occasioned thereby.  Plaintiff alleges that the City of Temple Terrace is the public employer of Officers Lopez and Albano, and the Temple Terrace Police Department ("TTPD") is an agency of Defendant City of Temple Terrace.  (Dkt. 33, pp. 2-3).  Based on this allegation, the Court will refer to Lopez and Albano as "Officer Lopez" and "Officer Albano."

　　Based on  Plaintiff's agreement that the claims against the individual officers in their official capacity could be dismissed, the Court's dismissal of claims against Officer Lopez and Officer Lopez Albano in their official capacity (Dkt. 30), and the above allegations, the Court understands that the claims against Officer Lopez and Officer Albano in their official capacity are included in the claims against Defendant City of Temple Terrace.　　Because Officer Lopez and Officer Albano are not included in the caption of the Fourth Amended Complaint, the Clerk of Court terminated Officer Lopez and Officer Albano from the docket on 3/25/2013.

Case No. 8:12-CV-1313-T-17EAJ

The Court's understanding is that Plaintiff intentionally omitted Officer Lopez and Officer Albano as named parties to this case, intentionally asserting only "official capacity" claims and not individual capacity claims.  If Plaintiff's omission of Officer Lopez and Officer Albano had not been intentional, the Court could construe the omission as a technical defect.  The Court will take Plaintiff's Fourth Amended Complaint as the Court finds it.  Due to the Plaintiff's non-response to the current Motions, any further amendment the Complaint is severely disfavored.

A.     Count 3     Claim for Unconstitutional Custom or Policy Due Process
         Violation/Failure to Reasonably Investigate

Plaintiff names Officer Lopez, Officer Albano and Defendant City of Temple Terrace in Count 3.     Since Officer Lopez and Officer Albano are not parties to this case, the Court understands that this claim is directed to Defendant City of Temple Terrace as the employer of Lopez and Albano for injuries alleged to be caused by acts taken within the scope of their employment with Defendant City of Temple Terrace which amount to an official policy of Defendant City of Temple Terrace.

In Count 3, Plaintiff Allison alleges that Plaintiff has a constitutional right to a police agency conducting a reasonable investigation of allegations against her and the right to be free from substantial permanent yet wholly unwarranted damages to Plaintiff's protected property interests, . (Dkt. 33, pp. 20-22).   Plaintiff alleges that Lopez, Albano and City of Temple Terrace, acting through TTPD supervisory personnel, had a duty of care to properly train and supervise its officers and agents acting within the scope of their employment.  Plaintiff alleges that Officer Albano was a final decision maker in his role as chief of detectives, and a direct supervisor of Officer Lopez. Plaintiff further alleges that Officer Albano and City of Temple Terrace had complete control over TTPD's training program and development of its customs and policies yet failed to adequately maintain policies and customs that would not operate to violate constitutional rights, and particularly regarding the investigations of criminal

6

Case No. 8:12-CV-1313-T-17EAJ

allegations of theft and fraud, and had access to Florida Statutes and legal counsel to verify the proper procedure and nature of a writ of replevin and the ownership authority over property.   Plaintiff Allison further alleges that Lopez, Albano and City of Temple Terrace, acting through TTPD supervisory personnel, knew that Plaintiff has a constitutional right to a reasonable investigation of charges against her, and the right to be free from substantial permanent damage to Plaintiff's protected property interests suffered if they act improperly, in violation of Plaintiff's due process rights.  Plaintiff further alleges that Officer  Albano as a final decision maker, and City of Temple Terrace, acting through TTPD supervisory personnel, knew that Plaintiff has a constitutional right to a reasonable investigation of charges against her so as not to permanently damage Plaintiff's reputation, that this right is well established in the Eleventh Circuit, and that Officer Lopez was deliberately indifferent to the right of Plaintiff to be free from unconstitutionally inadequate investigation.  (Dkt. 33).  Plaintiff alleges that Officer Lopez's deliberate indifference to Plaintiff's right to be free from unconstitutional inadequate investigations was the moving force behind Plaintiff's injuries.

        In Count 3, Plaintiff alleges that Officers Lopez and Albano are liable under 42 U.S.C. Sec. 1983 for constitutional injuries to Plaintiff caused by their conduct, as described, and they are jointly and severally liable with all other Defendants for injuries their conduct caused.  Plaintiff seeks a judgment for compensatory damages in excess of $100,000, and the award of costs of suit and reasonable attorney's fees, pursuant to 42 U.S.C. Sec. 1988.

B.  Count 4   Section 1983 Claim Failure to Train and Supervise

        Plaintiff names Officer Lopez, Officer Albano, and Defendant City of Temple Terrace.  Since Officer Lopez and Officer Albano are not parties to this case, the Court understands Count 4 to be directed to Defendant City of Temple Terrace, as the

Case No. 8:12-CV-1313-T-17EAJ

employer of Lopez and Albano, for injuries alleged to be caused by acts taken within
the scope of their employment with Defendant City of Temple Terrace which amount to
a policy of the City of Temple Terrace.

Plaintiff alleges a Section 1983 claim against Officer Albano and Defendant City
of Temple Terrace. Plaintiff alleges that Plaintiff had a constitutionally protected
property interest in her reputation and good name and a right to be free from false
allegations that damage Plaintiff's reputation and negatively affect her income, and
Plaintiff was deprived of that interest without due process of law. (Dkt. 33, p. 22).
Plaintiff further alleges that Defendant City of Temple Terrace owed a duty of care to
Plaintiff to properly train and supervise its agents, the officers and the City, acting in the
course and scope of their employment by the City, and knew the failure to train likely
would result in the employee making a wrong decision. Plaintiff further alleges that
Officer Albano and City of Temple Terrace, acting through TTPD supervisory
personnel, had complete control over all detectives in TTPD and had the duty and
authority of supervision over those detectives. Plaintiff alleges that Defendant Albano,
a final decision maker, and City of Temple Terrace acting through TTPD supervisory
personnel, [controlled] TTPD's training program and development of its customs and
policies regarding investigations of criminal allegations, particularly of theft and fraud,
and had access to legal counsel to verify the proper procedure and the nature of a writ
of replevin and the ownership authority over property. Plaintiff further alleges that
Officer Albano, and City of Temple Terrace, acting through TTPD supervisory
personnel, knew that Officer Lopez was deliberately indifferent to the rights of Plaintiff
to be free from unconstitutional inadequate investigations, but failed in their duties to
properly train and supervise Officer Lopez so that Plaintiff would not suffer the
repercussions. Plaintiff further alleges that Officer Albano's and Defendant City of
Temple Terrace's deliberate indifference to the rights of Plaintiff to be free from
unconstitutional inadequate investigations was the moving force behind Plaintiff's
injuries.

Case No. 8:12-CV-1313-T-17EAJ

Plaintiff alleges that Officer Albano and Defendant City of Temple Terrace breached their duties to Plaintiff, caused Plaintiff to suffer damages, and are liable under 42 U.S.C. Sec. 1983 for constitutional injuries to Plaintiff caused by their conduct, and jointly and severally liable with all other Defendants for injuries their conduct caused.

Plaintiff seeks a judgment for compensatory damages in excess of $100,000, the costs of suit and the award of reasonable attorney's fees under 42 U.S.C. Sec. 1988.

C.  Count I - Civil Conspiracy

Plaintiff names Dominique Parise, Joseph Parise and City of Temple Terrace as parties to the alleged conspiracy.  (Dkt. 33, p. 12).

Plaintiff alleges that Defendant Dominique Parise and Defendant Joseph Parise knowingly supplied false statements to Officer Lopez, and that thereafter Officer Lopez and Officer Albano conspired to publish false allegations against Plaintiff before making a reasonable investigation.  (Dkt. 33, p. 12).  Plaintiff further alleges that Dominique Parise, Joseph Parise and Temple Terrace through Officer Lopez and Officer Albano conspired to create false criminal allegations against Plaintiff which would result in improper criminal charges against Plaintiff, improperly causing Plaintiff to lose her license to practice law, and resulting in an unjustified arrest causing an unconstitutional taking of Plaintiff's good name and reputation.  (Dkt. 33, pp. 12-13).  Plaintiff further alleges that Plaintiff provided information to Officer Lopez and Officer Albano as to the legal action Plaintiff was performing for her client.  (Dkt. 33, pp. 13-14).  Plaintiff alleges that Officer Lopez wrote a report that directly misrepresented and conflicted certain aspects of Plaintiff's written statement given to Officer Lopez.  (Dkt. 33, p. 14).  Plaintiff alleges that the following overt acts were committed in furtherance of the conspiracy: 1) As to Dominique Parise and Joseph Parise, knowingly supplying false information that

9

Case No. 8:12-CV-1313-T-17EAJ

appeared as [if] Plaintiff committed crimes; 2) As to Officer Lopez and Officer Albano, Officer Lopez and Officer Albano breached the duty to reasonably investigate the false allegations and knowingly charged Plaintiff for crimes they knew she did not commit, in an organized effort to improperly convict Plaintiff of serious crimes and permanently ruin Plaintiff's reputation.  Plaintiff further alleges that Defendants' conspiracy and their respective overt acts, of which Officer Albano was a final decision maker, violated Plaintiff's due process rights and caused Plaintiff to suffer damages.

IV.  Discussion

A.  Constitutional Violations

Plaintiff has identified the basis of the Court's jurisdiction as the Fourth and Fourteenth Amendments to the United States Constitution.    The Fourth Amendment provides that "[t]he right of the people to be secure ... against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause[.]" U.S. Const. Amend. IV.   The Fourteenth Amendment provides "...No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."   U.S.  Const.  Amend XIV.

B. Basis of Municipal Liability

Section 1983 liability is limited to situations in which the acts complained of are the acts "of the municipality"–acts which the municipality has officially sanctioned or ordered. Brown v. City of Fort Lauderdale, 923 F.2d 1474, 1479 (11th Cir. 1991).  A plaintiff may establish a case of municipal liability under Section 1983 by following one of several routes, including a showing of a local government's policy, custom or practice, or a failure to train its employees. Id. at 1481 (city policy of discrimination

10

Case No. 8:12-CV-1313-T-17EAJ

based on actions of a "final policymaker"negates need to prove custom or practice of discrimination).  "Official policy" may refer to formal rules which are intended to, and do, establish fixed plans of action.  <u>Pembaur v. City of Cincinnati</u>, 475 U.S. 469. 480-81 (1986). A decision maker vested with final authority to create a policy can open the government to Section 1983 municipal liability for government employees' actions taken pursuant to that policy. <u>Id</u>, at 481-483.  To prove Section 1983 liability against a municipality based on custom, a plaintiff must establish a widespread practice that , although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a "custom or usage" with force of law. <u>Brown</u>, 923 F.2d at 1481.  A custom sufficient to sustain municipal liability under Section 1983 must be sufficiently "widespread," "permanent and well settled," such that it is "deemed authorized by the policymaking officials because they must have known about it but failed to stop it." <u>Id</u>.

Municipal liability under Section 1983 for failure to train may be established when a failure to train is tantamount to a municipality's "deliberate indifference' to the rights of a Section 1983 plaintiff such that the failure is properly considered to be the municipality's "policy or custom."  <u>City of Canton v. Harris</u>, 489 U.S. 378, 387 (1989)(holding that there are limited circumstances in which a "failure to train" can be basis for liability under Section 1983).

B. Supervisory Liability

Theories of respondeat superior and vicarious liability cannot be used to hold supervisory officials liable under Section 1983 for subordinate employees' violations of federal law or the Constitution.  See <u>Hartly v. Parnell</u>, 193 F.3d 1263, 1269 (11th Cir. 1999).  Supervisory liability inures under Section 1983 when: 1) the supervisor personally participates in the alleged violation; or 2) when the supervisor's actions are causally connected to the alleged violation of federal statutory or federal constitutional

11

Case No. 8:12-CV-1313-T-17EAJ

law. See Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990).

C. Count 3   Section 1983 Claim for Unconstitutional Custom or Policy Due
             Process Violation/Failure to Reasonably Investigate

The constitutional violation Plaintiff alleges is Officer Lopez's alleged "failure to perform a reasonable investigation." Plaintiff further alleges that Officer Albano, as Officer Lopez's direct supervisor, is liable for Officer Lopez's alleged "failure to perform a reasonable investigation," and Defendant City of Temple Terrace is liable for the acts of Officer Lopez and Officer Albano, based on an alleged policy of allowing officers to file serious felony charges without first performing a reasonable investigation, and a failure to adequately train and supervise.

The Court notes that the Criminal Report Affidavit of Officer Lopez, dated 1/25/2008, states:

> On 11/27/07 Def with two others w/o authority or permission did remove property from a safe belonging to victim/decedent, to wit, approx 600 pieces of assorted jewelry, valued at $261,000 and One Rolex valued at $22,750.00 w/o _____ or permission of court appointed probate. Def with two others, did engage in a scheme to defraud and obtain property from the estate of victim valued at over $260,000/00. Def did use her position as an Attorney to provide documents and misleading statements alleging that Def McCullars did have the authority and permission to open the safe at the location and remove property with one other involved. Def did also knowingly and willingly give false information to a LEO conducting a felony investigation with intent to mislead the officer. V1 is deceased and V2 is currently the assigned probate to the estate of V1.

(Dkt. 2, pp. 42-43).   Officer Lopez had received an itemized list of missing property from counsel for Dominique Parise on 12/20/2007 (Dkt. 2, p. 41). Officer Lopez furnished witness statements and other documents, and recorded DVD interviews, in connection with the Criminal Report Affidavit.

Case No. 8:12-CV-1313-T-17EAJ

As the Court has noted, it is undisputed that Officer Lopez provided the Criminal Report Affidavit to the State Attorney's Office, who filed an Information.   The decision to prosecute was made by the State Attorney's Office; an Information charging a felony is signed by the State Attorney, or designated assistant, under oath stating his/her good faith in instituting the prosecution and certifying that he/she has received testimony under oath from the material witness or witnesses for the offense. Fla. R. Crim P. 3.140(g).   Plaintiff does not allege that the Criminal Report Affidavit furnished to the State Attorney's Office contains false statements or material omissions that were made deliberately or with reckless disregard for the truth.   The factual allegations of the Fourth Amended Complaint refer only to the "failure to perform a reasonable investigation," which the Court understands to involve negligence.   Negligent misrepresentations or negligent omissions do not undermine the sufficiency of an affidavit supporting an arrest warrant. <u>Smith v. Sheriff, Clay County</u>, 506 Fed. Appx. 894, 898 (11th Cir. 2013).

Plaintiff does not allege that the statements in Criminal Report Affidavit do not establish probable cause, or arguable probable cause.  An arresting officer is required to conduct a reasonable investigation **to establish probable cause**. <u>Rankin v. Evans</u>, 133 F.3d 1425, 1435 (11th Cir. 1998).  Dominique Parise, Joseph Parise and their counsel, <u>inter alia</u>, provided information to the investigating Officers, as did Plaintiff Allison.  Officer Lopez and Officer Albano were not required to give credence to Plaintiff's explanation.  <u>Criss v. City of Kent</u>, 867 F.2d 259, 263 (6th Cir. 1988).  <u>See also</u> <u>Williams v. City of Homestead, FL</u>, 206 Fed. Appx. 886 (11th Cir.2006) (unreported).

As the Supreme Court states:

> The Constitution does not guarantee that only the guilty will be arrested. If
> it did, § 1983 would provide a cause of action for every defendant

Case No. 8:12-CV-1313-T-17EAJ

> acquitted-indeed, for every suspect released. Nor are the manifold
> procedural protections afforded criminal defendants under the Bill of
> Rights "without limits." *Patterson v. New York*, 432 U.S. 197, 208, 97 S.Ct.
> 2319, 2326, 53 L.Ed.2d 281 (1977). "Due process does not require that
> every conceivable step be taken, at whatever cost, to eliminate the
> possibility of convicting an innocent person." *Ibid.*

Baker v. McCollan, 443 U.S. 137, 145, 99 S.Ct. 2689, 2695 (1979).

Plaintiff alleges that, during the course of Defendants' investigation, Plaintiff appeared before Officer Lopez and Officer Albano, and provided information to them. After the Information was filed, Plaintiff was served with a capias, posted a cash bond, entered a written plea of not guilty, and was arraigned in Hillsborough County Circuit Court on May 5, 2008.  The Court does not infer a  violation of due process from these facts.   As to Plaintiff's allegation that the alleged due process violation violated Plaintiff's constitutional right to be free from damage to Plaintiff's reputation, the Court notes that, to the extent that unconstitutional conduct has caused injury to a party's personal or business reputation, the injury is compensable as an element of damages flowing from the unlawful conduct.   Marerro v. City of Hialeah, 625 F.2d 499, 514 (5th Cir. 1980).   Section 1983 permits a remedy for the deprivation of federal rights without creating any substantive rights.  Since Plaintiff does not allege facts sufficient to state a due process violation, the allegations of damage to Plaintiff's reputation fail.

Because the claim against Defendant City of Temple Terrace on the basis of Officer Lopez's alleged failure to perform a reasonable investigation fails, the claim against Defendant City of Temple Terrace based on the supervisory liability and/or deliberate indifference of Officer Albano also fails.    Since Plaintiff has not stated a claim for a constitutional deprivation to Plaintiff's property interests, Plaintiff's municipal liability claim on that basis  fails.

After consideration, the Court **grants** the Motion to Dismiss as to Count 3.

Case No. 8:12-CV-1313-T-17EAJ

D.   Count 4   Section 1983 Claim Failure to Train and Supervise

In the Eleventh Circuit, a Section 1983 failure to train claim against a municipality is valid only where a plaintiff can show that: 1) the municipality inadequately trained or supervised its officers; 2) the failure to train or supervise is a city policy; and 3) the city's policy caused the officer to violate the plaintiff's constitutional rights.   Williams v. City of Homestead, Fla., 206 Fed. Appx. 886, 890 (11th Cir. 2006).

As noted above, Plaintiff's allegations of injury to Plaintiff's personal or business reputation are compensable as an element of damages flowing from the alleged unlawful conduct.  Plaintiff Allison does not allege that the arrest was made without probable cause or arguable probable cause, or that Officer Lopez's Criminal Report Affidavit contains false statements or material omissions made deliberately or with reckless disregard for the truth.  The Court has determined that Plaintiff has not stated sufficient facts to state a due process violation, based on the presence of probable cause or arguable probable cause at the time at the time of Plaintiff's arrest.   Since there is no underlying constitutional violation,  the Section 1983 claim against City of Temple Terrace for failure to train and supervise fails.

After consideration, the Court **grants** the Motion to Dismiss as to Count 4.

E.  Count 1   Civil Conspiracy

The Court must disregard Plaintiff's conclusory factual allegations which are in conflict with the document attached to the Complaint, the Criminal Report Affidavit. Officer Lopez and Officer Albano did not knowingly "charge Plaintiff with a crime" that Plaintiff did not commit.  Officer Lopez provided the Criminal Report Affidavit to the State Attorney's Office, which filed an Information.

Case No. 8:12-CV-1313-T-17EAJ

The Court notes the factual allegations of Count I as to the alleged failure of Officer Lopez and Officer Albano to perform a reasonable investigation, which the Court understands to be allegations of negligent acts.  There is no allegation that Criminal Report Affidavit of Officer Lopez contains false statements or material omissions that were made deliberately or with reckless disregard for the truth.   A civil conspiracy requires an agreement between the co-conspirators to do some unlawful act, in this case allegedly to violate the due process rights of Plaintiff.  The conclusory allegations of an  agreement between Dominique Parise and Joseph Parise, who allegedly provided false information Officer Lopez and Officer Albano, and the alleged failure to perform a reasonable investigation are not sufficient to show an intentional agreement to violate Plaintiff's due process rights.

In the Court's prior Order, the Court dismissed Plaintiff's claim against City of Temple Terrace to the extent that it was based on the acts of its employees in their official capacity as police officers, pursuant to Florida Statute 768.28.   Defendant City of Temple Terrace is entitled to sovereign immunity from claims of negligent investigation pursuant to Florida Statute Sec. 768.28. Under Florida law, negligent conduct in police investigations does not give rise to a cause of action because the duty to protect the public is owed to the public generally.  Pritchett v. City of Homestead, 855 So.2d 1164, 1165 (Fla. 3d DCA 2003).  There is no legal duty of care to the person who is the subject of a criminal investigation.  Stephen v. State, 659 So.2d 705 (Fla. 3d DCA 1995); Seguine v. City of Miami, 627 So.2d 14 (Fla. 3d DCA 1993).

To the extent that Plaintiff alleges in Count I that Officer Lopez and Officer Albano conspired with each other, each acting in their official capacity, the intracorporate conspiracy doctrine prohibits any such claim.

The Court granted leave to Plaintiff to amend the complaint as to Count I to describe the alleged civil conspiracy with particularity, as to Officer Lopez and Officer

16

Case No. 8:12-CV-1313-T-17EAJ

Albano in their individual capacity.  Plaintiff's Fourth Amended Complaint does not include an individual capacity claim for civil conspiracy as to Officer Lopez and Officer Albano, only a claim as to Defendant City of Temple Terrace.

After consideration, for the above reasons, the Court **grants** the Motion to Dismiss as to Count 1.

F.  Count 2    Intentional Infliction of Emotional Distress

Count 2 is a state law claim.  Florida law recognizes the tort of intentional infliction of emotional distress:

> 1) The wrongdoer's conduct was intentional or reckless, that is, intended his behavior when he knew or should have known that emotional distress would likely result;
>
> 2) the conduct was outrageous, that is, as to go beyond all bounds of decency, and to be regarded as odious and utterly intolerable in a civilized community;
>
> 3) the conduct caused emotional distress; and
>
> 4) the emotional distress was severe.

LeGrande v. Emmanuel, 889 So.2d 991, 994-995 (Fla. 3d DCA 2004).  The Restatement of Torts defines the requisite extreme and outrageous conduct as that which is:

> so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.  Generally, the case is one in which the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, 'Outrageous!'

17

Case No. 8:12-CV-1313-T-17EAJ

Restatement (Second) of Torts, Sec. 46 cmt. d (1965).

This cause of action requires proof of willful and wanton conduct.   "Reckless conduct" is the equivalent of "willful and wanton conduct." Williams v. City of Minneola, 619 So.2d 983, 986 (Fla. 5th DCA 1993).  Sovereign immunity under Florida Statute 768.28(9) bars this claim against Defendant City of Temple Terrace.

After consideration, the Court grants the Motion to Dismiss Count 2. Accordingly, it is

ORDERED that Defendants' Motion to Dismiss (Dkt. 37) is **granted**; the Motion for More Definite Statement is **denied as moot**.  The Fourth Amended Complaint is dismissed with prejudice.

**DONE and ORDERED** in Chambers, in Tampa, Florida on this 27th day of August, 2013.

ELIZABETH A. KOVACHEVICH
United States District Judge

Copies to:
All parties and counsel of record