## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**ANN M. ALLISON,**

     **Plaintiff,**

**vs.**                                                                                      **Case No.: 8:12-CV-1313-T-17EAJ**

**DOMINIQUE PARISE, et al.,**

     **Defendants.**

_____/

### REPORT AND RECOMMENDATION

Before the Court are Defendants City of Temple Terrace, Detective Carlos Lopez, and Chief of Police Kenneth Albano's ("Temple Terrace Defendants'") **Amended Verified Motion for Attorneys' Fees and Costs Under 42 U.S.C. § 1988 and Memorandum of Law** (Dkt. 74), Plaintiff Ann Allison's ("Plaintiff's") **Response Opposing Temple Terrace Defendants' Amended Motion for [Attorneys'] Fees and Costs and [Memorandum] of Law in Support Thereof** (Dkt. 76), Temple Terrace Defendants' **Reply to Plaintiff's Response to Defendants Verified Amended Motion for Attorneys' Fees and Costs Under 42 U.S.C. § 1988 and Memorandum of Law** (Dkt. 81), Defendants Dominique and Joseph Parise's ("Parise Defendants") **Verified Motion for Attorneys' Fees and Costs Under 42 U.S.C. § 1988** (Dkt. 60) and Plaintiff's **Motion to Strike Parise Defendants' Motion for Attorney Fees and Costs and Plaintiff's Response Opposing Parise Defendants' Motion for Attorney Fees and Costs and Memorandum of Law in Support**

1

**Thereof** (Dkt. 75).[1]  For the reasons that follow, the undersigned recommends denying the Temple Terrace Defendants' Amended Verified Motion for Attorneys' Fees and Costs Under 42 U.S.C. § 1988 and Memorandum of Law (Dkt. 74) and denying the Parise Defendants' Verified Motion for Attorneys' Fees and Costs Under 42 U.S.C. § 1988 (Dkt. 60).   Furthermore, the undersigned recommends that Plaintiff's Motion to Strike Parise Defendants' Motion for Attorney Fees and Costs (Dkt. 75) be granted.   The primary basis for the fees and costs motions is the Court's dismissal of Plaintiff's fourth amended complaint with prejudice on August 27, 2013.

## Background

**A.** Factual Background

Plaintiff's complaint arose from an attempt by Plaintiff to recover property stored in the safe of a deceased jewelry seller, Chester Harvey ("Mr. Harvey"), who died on November 15, 2007. Plaintiff, a licensed attorney in the State of Florida, represented two individuals attempting to regain their property that was stored in Mr. Harvey's safe at a jewelry store in Temple Terrace, Florida.

The events surrounding the recovery of jewelry were contentious, and the Temple Terrace Police Department ("TTPD") became involved on November 16, 2007. (Dkt. 81 Ex. 4 at 3) Plaintiff, after researching the best way to recover her clients' property and discussing with a probate court case manager the best way to proceed, assisted her client, Ed Walter ("Mr. Walter"), by demanding return of the property through a writ of replevin. (Dkt. 33 at 5, n.1)  On November 20, 2007, Plaintiff served a demand letter on Bryan McCullars ("Mr. McCullars"), the owner of the jewelry store where Mr. Harvey had his place of business. (Id. at 5)  Plaintiff states that she relied

_____

[1] These matters have been referred to the undersigned for consideration and issuance of a Report and Recommendation. See 28 U.S.C. § 636(b)(1)(B); Local Rules 6.01(b) and 6.01(c), M.D. Fla.

on Trawick's <u>Florida Practice and Procedure</u> in serving the demand letter as it was necessary to initiate an action in replevin to recover the property of Plaintiff's clients. (<u>Id.</u> at 5, n.1)   On November 26, 2007, Plaintiff and Mr. Walter were present when a locksmith unsuccessfully attempted to open the safe to recover Mr. Walter's jewelry. (<u>Id.</u> at 6)  On November 27, 2007, the locksmith and Mr. Walter, without Plaintiff present, returned to the store and successfully opened the safe and retrieved some of Mr. Walter's property. (<u>Id.</u>)  On November 29, 2007, Plaintiff learned that Mr. Harvey's estate was in probate and provided a copy of the demand letter to Mr. Harvey's daughter and personal representative, defendant Dominique Parise. (<u>Id.</u>)  Defendant Joseph Parise is her husband.

Following the recovery of Mr. Walter's property, a criminal investigation was conducted by the TTPD. (<u>Id.</u>)  The Parise Defendants provided statements and an inventory of what was missing from Mr. Harvey's safe. (<u>Id.</u> at 6-7)  The Parise Defendant's attorney also provided information to the TTPD during the investigation. (Dkt. 1 at 43-44)  Ultimately, a criminal report, signed by defendant Detective Carlos Lopez,[2] was submitted to the State Attorney on January 28, 2008, alleging that Plaintiff engaged in a scheme to defraud with Mr. Walter and Mr. McCullars, used her position as an attorney to provide documents and misleading information, and knowingly and willingly gave false information to a law enforcement officer. (Dkt. 2 at 42-43)  The State Attorney filed an information against Plaintiff on April 7, 2008, charging her with grand theft, scheme to defraud, and false information to a law enforcement officer during a felony investigation. (Dkt. 58 at 4)  A capias warrant was issued and served on Plaintiff. (<u>Id.</u>)  The criminal charges against

---

[2] Defendant Chief of Police Kenneth Albano was a lieutenant with TTPD at the time the report was filed. (Dkt. 37 at 1, n.2)

Plaintiff were dismissed on December 2, 2008. (Dkt. 2 at 31)

**B.** State Court Proceedings

Plaintiff originally filed this case in the Thirteenth Judicial Circuit in and for Hillsborough County, Florida on December 7, 2009. Plaintiff's original complaint named the Parise Defendants, the law firms of Akerman Senterfitt and Akerman Senterfitt & Eidsen, P.A.,[3] and attorney Louis LaGrande ("Mr. LaGrande"). The complaint alleged seven counts of defamation, one count of conspiracy to defame, and one count of "conspiracy to interfere with Plaintiff's constitutional and civil rights to practice in her profession as an attorney and college professor." (Dkt. 1 at 19-33) Plaintiff's amended complaint, filed April 5, 2010, included the same counts. (Id. at 64-77) Plaintiff's second amended complaint dismissed Mr. LaGrande and Akerman Senterfitt and charged the Parise Defendants with slander and defendant Joseph Parise with libel. (Dkt. 1 Ex. 1 at 7-11)

**C.** Federal Court Proceedings

This case was removed to federal court in June 2012 after the Temple Terrace Defendants were added as defendants in the third amended complaint filed on April 16, 2012.[4] In the third amended complaint, Plaintiff alleged 42 U.S.C. §§ 1983, 1988 claims against the Temple Terrace Defendants.[5] On March 8, 2013, the Court granted the Temple Terrace Defendants and the Parise Defendants' (collectively "Defendants'") motions to dismiss. (Dkt. 30) The Court dismissed

---

[3] These are presumably the same firm as the law firm of Akerman Senterfit & Eidsen, P.A. ("Akerman Senterfit") is the only firm named in the amended complaint.

[4] After the case was removed on June 12, 2012, the state court denied the Parise Defendants' motion to dismiss on June 20, 2012. The Parise Defendants filed an answer in state court on August 21, 2012. (Dkt. 19, Ex. 6)

[5] Plaintiff was represented by attorney Luke Lirot ("Mr. Lirot") through the third amended complaint. Prior to the case's removal to federal court, Mr. Lirot submitted a motion to withdraw on May 23, 2012. (Dkt 4) The motion was granted on July 31, 2012. (Dkt. 9)

Plaintiff's claims of defamation, false arrest and imprisonment, malicious prosecution, tortious interference with business relationship, and intentional infliction of emotional distress.  The Court dismissed with leave to amend the following claims: civil conspiracy, tortious interference with business relationship, intentional infliction of emotional distress, unconstitutional custom or policy due process violation/failure to reasonably investigate (Section 1983), and Section 1983 failure to train and supervise.

In granting leave to amend, the Court found that Plaintiff's Section 1983 claim of failure to reasonably investigate did not allege facts sufficient to show the presence of an unconstitutional custom or policy, specifically that the Temple Terrace Defendants acted improperly to influence the State Attorney's Office. (Id. at 10-11)  The Court also found that Plaintiff did not show how the alleged custom of failure to train and supervise was the moving force behind the alleged constitutional violation. (Id. at 11)  For Plaintiff's civil conspiracy claim, the Court dismissed the claim with leave to amend with particularity. (Id. at 6)

Plaintiff filed a fourth amended complaint on March 25, 2013, which included claims of civil conspiracy, intentional infliction of emotional distress, and 42 U.S.C. § 1983 claims for failure to reasonably investigate and failure to train and supervise, seeking compensatory damages in excess of $100,000, attorneys fees, and the cost of the suit. (Dkt 33)  On August 27, 2013, the Court dismissed, with prejudice, Plaintiff's Fourth Amended Complaint against all Defendants. (Dkt. 57, 58)  Although Plaintiff had not filed a response to the motions to dismiss, the Court considered the merits of the motions "[i]n an abundance of caution."[6] (Id.)  In evaluating Plaintiff's Section 1983

---

[6] The Court did not grant Plaintiff leave to reply out of time to the motions to dismiss, finding that Plaintiff's neglect was inexcusable. (Dkt. 55 at 6)

claims against the Temple Terrace Defendants, the Court noted that Plaintiff did not include individual capacity claims against Officer Lopez or Officer Albano in the fourth amended complaint.

For Plaintiff's Section 1983 claim for failure to reasonably investigate, the Court noted that it was the State Attorney, not the City of Temple Terrace, who filed the information, and that Plaintiff did not allege that the statements in the Criminal Report Affidavit completed by Detective Lopez were insufficient to establish probable cause. (Dkt. 58 at 13)   The Court observed that, in order to recover damages under Section 1983, a plaintiff must establish that the damages flowed from unconstitutional conduct.  Plaintiff might have suffered damage to her reputation, but she had not pleaded facts sufficient to allege a due process violation that entitled her to relief. (Id. at 13-14)

In discussing Plaintiff's Section 1983 claim for failure to train and supervise, the Court stated that Plaintiff had not established a due process violation because she had not alleged that the report was made without probable cause or that the statements within the report were false. (Id. at 15)

The Court also considered Plaintiff's civil conspiracy claim against the Temple Terrace Defendants and the Parise Defendants and dismissed these claims because Plaintiff pleaded conclusory allegations without particularity and did not name the police officers in their individual capacity.  The Court found that the intracorporate conspiracy doctrine prohibits a claim against officers acting in their official capacity. (Id. at 16)

## Discussion

In their motions, Defendants seek attorney's fees and costs pursuant to: 28 U.S.C. §§ 1920, 1924;[7] 42 U.S.C. § 1988; Rules 11, 54(d)(1)(2), Fed. R. Civ. P.;[8]  and Local Rules 3.01(g), 4.18,

---

[7] 28 U.S.C. § 1920 permits the Court to tax costs against a party. 28 U.S.C. § 1924 requires an affidavit to accompany any bill of costs. On October 16, 2013, the Deputy Clerk assessed costs in the amount of $624.10 for the Temple Terrace Defendants (Dkt. 69) and

M.D. Fla.[9]  Only the fees claim based on Section 1988 merits discussion.

**A.** Parise Defendants' Motion for Attorney's Fees (Dkt. 60) was Filed Untimely

A motion for attorney's fees must be filed no later than 14 days after the entry of judgment, unless a statute or court order provides otherwise. Fed. R. Civ. P. 54(d)(2)(B)(I).  Additionally, Local Rule 4.18 reinforces the Federal rule by providing that "all claims for costs or attorney's fees . . . shall be asserted by separate motion or petition filed not later than fourteen (14) days following the entry of judgment." Local Rule 4.18, M.D. Fla.  Here, the Court granted Parise Defendants' Motion to Dismiss on August 27, 2013. (Dkt. 57).  Accordingly, a timely filing of attorney's fees would have been on or before September 10, 2013.  Parise Defendants filed their motion on September 19, 2013.[10]  (Dkt. 60)   Parise Defendants filed the motion 23 days after entry of

---

$343.86 for the Parise Defendants (Dkt. 70).  These statutory provisions do not permit attorney's fees to be assessed, and this basis for relief is unavailing.

[8] Rule 54(d)(1) also provides for the assessment of costs, absent any other prohibition. Rule 54(d)(2) provides for a motion for attorney's fees to be filed no later than 14 days after entry of judgment.

[9] To the extent that fees are sought pursuant to Local Rule 3.01(g), the Court assumes that the Local Rule is cited to certify that Plaintiff opposes the fees sought.

[10] Temple Terrace Defendants timely filed their first motion for attorney's fees on September 10, 2013. (Dkt. 59)  It is evident from the first page of the Parise Defendants' motion that it was copied directly from Temple Terrace Defendants' motion for attorney's fees as the second paragraph reads: "In support of this Motion, the 'TEMPLE TERRACE DEFENDANTS' would show unto this Court . . . ." (Id. at 1)  Furthermore, the Parise Defendants, while adopting most of the same language as the Temple Terrace Defendants' motion, were careful to remove the language in Temple Terrace Defendants' motion that stated:

> Rule 54(d)(2)(A), Fed.R.Civ.P., states, in pertinent part, that claims for Attorney's Fees shall be made by Motion filed with the District Court. Local Rule 4.18, in accordance with Rule 54, Fed.R.Civ.P., instructs that all claims for Attorney's Fees/Costs should be filed by separate Motion or Petition no later than fourteen (14) days following the entry of Judgment.

(Dkt. 59 at 5)  Parise Defendants also removed a paragraph asserting the timeliness of a motion being within fourteen days of the entry of judgment. (Id. at 14)

judgment, not 14 days as required by the rules.  Other courts have denied similar untimely motions for attorneys' fees. <u>See</u> <u>Sanders v. Drainfield Doctor, Inc.</u>, 6:06CV1216-ORL28GJK, 2009 WL 667158 (M.D. Fla. Mar. 13, 2009) (denying motion submitted 17 days after judgment on belief that FRCP 6(d) allowed for extra 3 days filing time); <u>Blanton v. Univ. of Florida</u>, 2:05-CV-421-FTM34SPC, 2008 WL 928114 (M.D. Fla. Apr. 4, 2008) (denying motion filed 7 days late); <u>Palmyra Park Hosp., Inc. v. Phoebe Putney Mem'l Hosp., Inc.</u>, 688 F. Supp. 2d 1356, 1362 (M.D. Ga. 2010) (denying motion filed 1 day late).

Based on the untimely filing of the motion, it is recommended that the Parise Defendants' Verified Motion for Attorneys' Fees and Costs under 42 U.S.C. § 1988 (Dkt. 60) be denied and that Plaintiff's motion to strike the motion as untimely be granted.  In any event, if the motion were timely filed, it should be denied for the reasons which follow in discussing the motion filed by Temple Terrace Defendants.

**B.** 42 U.S.C. § 1988 Attorneys' Fees

The prevailing party in a Section 1983 action is entitled to request attorney's fees. 42 U.S.C. § 1988(b).  A defendant can recover attorney's fees if "the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith."  <u>Baker v. Alderman</u>, 158 F.3d 516, 524-25 (11th Cir. 1998) (quoting <u>Hughes v. Rowe</u>, 449 U.S. 5, 14 (1980)). Factors the Court should take into account when considering whether a plaintiff's claim was frivolous include: "(1) whether the plaintiff established a prima facie case; (2) whether the defendant offered to settle; and (3) whether the trial court dismissed the case prior to trial." <u>Sullivan v. School</u>

---

These matters are troubling in light of Parise Defendants' assertion that Plaintiff should be sanctioned under Rule 11 for submitting claims and other legal contentions not warranted by existing law. (Dkt. 60 at 9) On its face, the Parise Defendants' motion is untimely.

Bd. of Pinellas Cty., 773 F.2d 1182, 1189 (11th Cir. 1985).  Where a Plaintiff's Section 1983 claim receives careful attention and review, it should not be considered groundless or without foundation.  See Busby v. City of Orlando, 931 F.2d 764, 787 (11th Cir. 1991); O'Neal v. DeKalb Cty, Ga., 850 F.2d 653, 658 (11th Cir. 1988).

In order to establish a prima facie case under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) the action occurred "under color of law" and (2) the action is a deprivation of a constitutional right or a federal statutory right.  West v. Akins, 487 U.S. 42, 48 (1988) (citing Parratt v. Taylor, 451 U.S. 527, 535 (1981)).  Here, Plaintiff alleged that criminal charges were wrongfully filed against her and that she had constitutionally protected interests in a police agency conducting a reasonable investigation and a property interest in her reputation and good name. (Dkt. 33 at 21-22)

The Parise Defendants were not named in any of Plaintiff's Section 1983 claims against the Temple Terrace Defendants. (Dkt. 2, 33)  However, Plaintiff did name the Parise Defendants in the civil conspiracy count, alleging that the Parise Defendants conspired with the Temple Terrace Defendants to violate Plaintiff's due process rights. (Dkt. 2 at 19, Dkt. 33 at 16)

In order to establish a Section 1983 civil conspiracy, a plaintiff must demonstrate: 1) a violation of Plaintiff's federal rights; 2) an agreement among the Defendants to violate such a right; and 3) an actionable wrong.  A Section 1983 civil conspiracy claim must be pled with particularity. Fullman v. Graddick. 739 F.2d 553, 556-57 (11th Cir. 1984).  Here, Plaintiff alleged that the Parise Defendants provided false statements to the Temple Terrace Defendants and the Temple Terrace Defendants conspired to publish false statements to cause an unconstitutional taking of Plaintiff's good name and reputation. (Dkt. 33 at 11-13)

Although Plaintiff's complaint was ultimately dismissed with prejudice, she was granted an opportunity to develop her claims.  In granting Defendants' motions to dismiss Plaintiff's third amended complaint, the Court addressed each claim, dismissing six of Plaintiff's eleven claims but dismissing five counts with leave to amend. (Dkt. 30)  In dismissing Plaintiff's fourth amended complaint with prejudice, the Court addressed each claim on its merits and provided reasoned legal analysis for the dismissal.  For Plaintiff's Section 1983 claims, the Court considered the facts before it, including the Criminal Report Affidavit of Officer Lopez (Dkt. 58 at 12) and noted that Plaintiff's allegations were not "sufficient to state a due process violation." (Id. at 14)  For Plaintiff's civil conspiracy claim, the Court concluded that the Temple Terrace Defendants were protected acting in their official capacity and Plaintiff did not name the police officers in their individual capacity. (Id. at 16-17)  Such careful attention to and review of Plaintiff's complaint belies Defendants' contentions that Plaintiff's claims were groundless or without foundation. See Sullivan, 773 F.2d at 1188.  Merely because a case is dismissed does not mean the claim was frivolous under Section 1988. See generally Boles v. Riva, No. 8:13-cv-2059, 2013 WL 6388582 (M.D. Fla. Dec. 6, 2013).

As for factors two and three, there is no evidence of a settlement offer by these defendants, and the case was dismissed with prejudice before trial.  On balance, however, even if factors two and three weigh in favor of Defendants, the fact that Plaintiff's claims received more than superficial analysis in the dismissal order indicates that there was some merit to the claims presented. See O'Neal, 850 F.2d at 658.

Accordingly, it is recommended that the fees claims under Section 1988 be denied as Plaintiff's Section 1983 claims are not frivolous, unreasonable, or without foundation.

**C.** Rule 11 Sanctions and Attorney's Fees

A party can seek attorney's fees under Rule 11(c), Fed. R. Civ. P.  An attorney filing a pleading in a federal court "certifies that he or she has conducted a reasonable inquiry and that the pleading is well-grounded in fact, legally tenable, and 'is not represented for any improper purpose.'" Baker v. Alderman, 158 F.3d 516, 524 (11th Cir. 1998) (quoting Fed. R. Civ. P. 11(b)). The standard inquiry is whether the conduct was reasonable under the circumstances or reasonable to believe at the time. Id.   "Rule 11 sanctions are warranted when a party files a pleading that (1) has no reasonable factual basis; (2) is based on a legal theory that has no reasonable chance of success and that cannot be advanced as a reasonable argument to change existing law; and (3) is filed in bad faith for an improper purpose." Id. (citing Didie v. Howes, 988 F.2d 1097, 1103 (11th Cir.1993)).  The burden as to whether an attorney has violated Rule 11 is on the Rule 11 movant. McMahan Sec. Co. L.P. v. FB Foods, Inc., No. 8:04-CV-1791-T-24TGW, 2006 WL 2092643 (M.D. Fla. July 27, 2006) (citation omitted).  "Sanctions are warranted when a party exhibits a deliberate indifference to obvious facts, but not when the party's evidence to support a claim is merely weak." Riccard v. Prudential Ins. Co., 307 F.3d 1277, 1294 (11th Cir. 2002) (internal quotation marks and citations omitted).

The Parise Defendants filed a Motion for Award of Attorneys' Fees and Costs Pursuant to Rule 11 of the Federal Rules of Civil Procedure and §57.105, Florida Statutes on September 4, 2012. (Dkt. 21)  The Court dismissed the motion as procedurally improper because the Parise Defendants did not comply with Rule 11(c)(2)'s 21-day safe harbor provision and the "Court strictly construes the procedural requirements of Rule 11 . . . ." (Dkt. 56 at 4)  In their current motions for fees and costs, Defendants do not even acknowledge that the Court previously denied the Parise Defendants' motion for Rule 11 sanctions for violation of the safe harbor provision.  Re-asserting Rule 11 as a

basis for relief, without reference to the previous denial of sanctions or proof of complying with the safe harbor provision is a dubious litigation tactic.  As the motions are bereft of any showing that Rule 11(c)(2) was complied with, no further discussions of Rule 11 is necessary as a basis of the relief sought.

Defendants' motions for attorney's fees under Rule 11, Fed. R. Civ. P., or any other basis identified in the motions, are without merit, as well as any other bases for relief alleged in the motions as previously discussed.

This is not to say that Plaintiff's conduct, as an attorney admitted to the Middle District of Florida representing herself in this action, is beyond reproach.  As stated earlier, the Court found that Plaintiff had not demonstrated excusable neglect in seeking to file an out-of-time response to the motions to dismiss.  However, the issue before the Court here is whether Defendants have substantiated their right to fees and costs under the legal authorities cited.  The undersigned concludes that they have not done so.

Accordingly and upon consideration, it is **RECOMMENDED** that:

(1)    Temple Terrace Defendants' Amended Verified Motion for Attorneys' Fees and Costs Under 42 U.S.C. § 1988 and Memorandum of Law (Dkt. 74) be **DENIED**;

(2)    Parise Defendants' Verified Motion for Attorneys' Fees and Costs Under 42 U.S.C. § 1988 (Dkt. 60) be **DENIED**; and

(3)    Plaintiff's Motion to Strike Parise Defendants' Motion for Attorney Fees and Costs and Plaintiff's Response Opposing Parise Defendants' Motion for Attorney Fees and Costs and Memorandum of Law in Support Thereof (Dkt.

12

75) be **GRANTED**.


DATE: April  11, 2014

ELIZABETH A JENKINS
United States Magistrate Judge

### NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of this service shall bar an aggrieved party from attacking the factual findings on appeal.  See 28 U.S.C. § 636(b)(1).


Copies to:

Counsel of Record

District Judge